URIAL DRIGGS, Appellant, *v.* JOHN H. PHILLIPS et al., Respondents.

A highway once established does not cease to be such until it has been discontinued by the proper authorities.

The occupation of a portion of a highway by an individual is a mere obstruction and nuisance for which no lapse of time will enable him to prescribe, and no acquiescence on the part of the highway officials of the town will deprive the public of the right to use the whole highway, or in any degree lessen the duty of such officials to remove the obstruction when that removal is necessary.

Accordingly *held*, that continuous occupation for a period of twenty years of a portion of a highway did not give the occupant title, and would not sustain an action of trespass against the supervisor and highway commissioners of the town for entering upon and removing a building from the portion of the highway so occupied.

A dedication by the owner of land as a highway, and acceptance by the public through user, constitutes it a highway, although no record be made of it as such.

(Argued May 31, 1886; decided October 5, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made the second Tuesday of June, 1883, which affirmed a judgment in favor of defendants, entered upon a verdict.

The nature of the action and the material facts are stated in the opinion.

*E. B. Vedder* for appellant. The undisputed facts show title in plaintiff under written contract of Williams. (*Jackson* v. *Leann*, 3 Johns. Cas. 124.) And also by adverse possession.

(Code of Civ. Pro., § 369; 2 R. S. [2d ed.] 222, § 9; id., §§ 370, 10; 372, 12; 3 R. S. [2d ed.] 669; *Finley* v. *Cook*, 54 Barb. 9; *Smith* v. *Lorillard*, 10 Johns. 338; *Smith* v. *Denn*, 5 Cow. 200; *McLaren* v. *Morphy*, 19 U. C. Q. B. 609; *Whitney* v. *Wright*, 15 Wend. 171, 177–8; *Clute* v. *Voris*, 31 Barb. 511.) The statute makes substantial inclosure possession. (Code of Civ. Pro., §§ 370, 372; Code of Pro., §§ 83, 85.) Highways and streets are themselves inclosures; the line between a highway or street and the private land which is bounded by it is in effect a line of inclosure. (*Jackson* v. *Halstead*, 5 Cow. 216, 220; *Baker* v. *Van Valkenburgh*, 29 Barb. 334.) An interruption in actual occupancy of premises without any abandonment of, or intention to abandon possession, and with the *animus revertendi*, and where no other hostile possession has come in before resumption of actual occupancy, does not break up the continuity of possession, especially where the interruption was caused by accident. (*Dana* v. *Valentine*, 5 Metc. 8, 13–4; *Webb* v. *Richardson*, 42 Vt. 465; *Thompson* v. *Raufelt*, 1 Cent. Law Rep'r, 198.)

*Daniel H. McMillan* for respondents. Any obstruction to a highway is a nuisance. (*Harlow* v. *Hutchinson*, 6 Cow. 189; *Lansing* v. *Smith*, 8 id. 146; *Dygert* v. *Schenck*, 23 Wend. 446; 14 N. Y. 506; 1 Duer, 451; *Peckham* v. *Henderson*, 27 Barb. 207.) The commissioners of highways had a right to ascertain the boundaries of the road, and the summary right to remove the building when ascertained to be in the road. (*Talmage* v. *Hunting*, 29 N. Y. 447; *McFadden* v. *Kingsbury*, 11 Wend. 667; *Anderson* v. *Van Tassel*, 53 N. Y. 631; *Cook* v. *Harris*, 61 id. 448.)

DANFORTH, J. The action was brought to recover damages for an alleged trespass by the defendants upon land of which the plaintiff claimed possession and ownership. At the trial it appeared that the premises were part of a large tract of land, which, in 1827, was granted by the State to Burrows, Williams

and others, who in 1828, made a partition of the same, and described the various · parcels as bounded in part by certain streets and highways, and among others "by the highway formed by the continuation of the military road," referring also to a map of the village of Tonawanda, made by Colton Fletcher in 1825 ; and one of the covenants into which the parties to the partition entered was that all the streets named in the deed as bounding any part of the premises "shall be continued as public streets according to the plan of them in the before-mentioned map." The plaintiff and one Mansfield bought of Williams a portion of this land, and in 1829 or 1830 took from him a contract, which was not produced, but the plaintiff testified that Mansfield subsequently quit-claimed to him the same premises, and his deed shows a grant "of lots 1 and 6 in block 4 of the village of Tonawanda, as described in a· map made by Colton Fletcher, and filed in Erie county." He also testified that "the building, for tearing down which the action was brought, stood on the corner of Main and North Canal streets in the central part of the village of Tonawanda;" that the lot he claimed was "lot 1," and that Main street was formerly known as the military road. One of the defendants was the supervisor of the town of Tonawanda ; the others were its highway commissioners. At the time of the alleged trespass they were lawfully engaged in constructing a bridge over the creek at the point where Main street intersected it. Upon that street its approaches were to be constructed. In carrying out a necessary retaining wall, they came to an old foundation wall. It was in no way occupied, and so far as appeared no person was in possession. They deemed it within the lines of the street and made it fit for their purpose by coping stones, which brought it to the surface of the ground. The plan required an iron railing. Its completion was delayed a few days, and in the meantime, without the defendants' knowledge, the plain· tiff proceeded to erect a small frame building, placing one corner of its frame upon the coping. Before the house was finished, the defendants returned to put on the railing and to do so, necessarily pushed away the plaintiff's structure. This was the

trespass complained of, and the main question litigated was whether the building was within the lines of lot 1, or whether it projected into the street upon which it was conceded that lot abutted.

At the close of the case the plaintiff asked the trial court to hold as matter of law that no defense had been made out, and that the only question for the jury was as to the damages. The court declined to do so, saying : "The question of the location of this line" (of lot 1) "is for the jury to determine." Upon the evidence this was clearly so, nor is any point made upon this appeal to support the exception taken by the plaintiff to that ruling. The court, reviewing the whole evidence, charged the jury that if the plaintiff, in the erection of his building, kept within the lines of his lot, he was entitled to recover ; otherwise not. This was the simple and real issue in the case; it was fully tried, and fairly submitted to the jury in a manner, and in various forms so satisfactory that no exception was taken.

But another question was presented to the trial judge, and an exception to his ruling is now relied upon. The highway was not shown by any record, but, as we have seen, the plaintiff took his lot under a description bounding it upon the street ; its existence was assumed by him throughout the trial, and in his request for instructions to be given to the jury, " that the highway was limited to what the evidence showed had been actually used as such."

" Also, that the evidence failed to show that the building was an obstruction to the street or a nuisance; that if it did stand within the bounds of a street or highway, no right has been shown in defendants to remove it.

" By the COURT.—I hold the other way, and have so charged. (To this no exception was taken.)

" He also asked the court to charge that the proof does not show any power in defendants over the street in question ; that defendants had no power, as incidental to building the bridge, to remove plaintiff's building, as obstructing the street or the approach to the bridge.

" The court declined and plaintiff excepted."

Other requests followed, containing a similar implication. Upon the same assumption, he asked the court in substance to charge " that if the jury find that plaintiff had continuous possession of the land occupied by the removed building for twenty years, under claim of title, the land belonged to him and he was entitled to recover." And the court replied : " That would be so, but the evidence does not show any such title unless there was a continuous possession for twenty years Plaintiff excepted to that qualification." To the same effect the court, in commenting upon such a claim, had already charged the jury, saying : " The evidence, however, does not show that continuity of possession which would constitute what the law terms an adverse holding, so as to ripen into a title." To this the plaintiff excepted, and the trial judge then said : " I submit the case substantially upon the propositions suggested. If you are satisfied that this wall of the bridge was placed upon what was actually a portion of this highway, then the plaintiff is not entitled to recover without showing an uninterrupted possession for twenty years ; while on the other hand, if it was placed on the plaintiff's land, and his building did not extend over and beyond to the east of his land, so as to render this act necessary, then the plaintiff is entitled to recover.

" It all depends upon where the actual location of this line was, unless there has been a continuous possession of twenty years, and whether he went over it or whether he kept within it. If he went over it he had no right to complain ; if he kept within it, then he had a right to indemnity."

The propositions referred to are the propositions of the plaintiff, presented by the requests already made, and the charge left the jury to determine the question as to adverse and uninterrupted possession. It was the last utterance of the court, and was, no doubt, intended as a withdrawal of the positive opinion before expressed upon it. No request was made for a specific modification of the charge already given, and the General Term have regarded the final charge as an answer to the

exception to the refusal of the court before made, to leave the matter of adverse possession to the jury.

We are unable to agree in this view of the case. If the instruction first given was erroneous and upon a material point, it cannot be said the jury were not influenced by it. It expressed a very strong opinion, more than once repeated, upon a matter finally left to the determination of the jury, and, in the absence of an explicit withdrawal by the court, fairly permits the inference that it affected the verdict. The jury having heard from the judge that the evidence did not show that continuity of possession which would constitute what the law terms an adverse holding, so as to ripen into a title, could hardly be expected to come to a different conclusion upon the same evidence, but might readily concur in that reached by the judge, so long at least as it was permitted to remain a part of the instructions by which they were to be guided. The remark of the judge was more than a comment upon evidence which he might make according to his discretion; it was a decision that there was no evidence to support the plaintiff's contention. If that was error it was not cured by subsequently leaving the question to the jury as one which they also might determine. (*Vedder* v. *Fellows*, 20 N. Y. 126; *Chapman* v. *Erie R. Co.*, 55 id. 579; *Allis* v. *Leonard*, 58 id. 288.) We are of opinion, however, that the instruction asked for was irrelevant to any question actually before the court. The issue was not between individuals, nor in relation to private property. It concerned the public and their rights in the highway. The defendants, at the time in question, were town officers, engaged in the performance of official duty, and if the acts complained of were performed upon premises which at any time, no matter how long before, had been set apart as a highway, and by dedication had become such, the plaintiff could not recover, although he had occupied a particular portion of it from time to time, or even for a continuous period of time extending to twenty years. (*Mills* v. *Hall*, 9 Wend. 315; *Kellogg* v. *Thompson*, 66 N. Y. 88.) There was no non-user of the highway, and his occupation was a mere obstruction and nuisance for which no lapse of

time would enable him to prescribe. Once established a highway does not cease to be such until it has been discontinued by the proper authorities. Of that in question it was conceded no record could be found, but the claim rested upon the dedication by the owner of the land and acceptance by the public through user. Upon this point the learned trial court, after calling attention to the facts and circumstances relating to it, said, " for the purpose of maintaining a highway of this description it is not necessary that the ground should be constantly or continually used, but that it should be used for the general purposes and convenience of the public as a portion of a public thoroughfare or highway," and the verdict of the jury under other instructions, to which I before adverted, shows that this was done over that portion of the land now claimed by the plaintiff, and which contained the *locus in quo.* No exception was taken to this proposition and it must be considered settled that the line of the highway included the wall in dispute. The jurisdiction of the defendants in the performance of their duty extended over the whole width of the highway as established and each part of it. The plaintiff took his title subject to the easement, and no act of obstruction on his part could deprive them of their jurisdiction. (*Bridges* v. *Wykoff*, 67 N. Y. 130.) No acquiescence on their part in any act of the plaintiff could deprive the public of the right to use the whole highway, or in any degree lessen the duty of the defendants to remove obstructions, when that removal was necessary. (*Cook* v. *Harris*, 61 N. Y. 448.) In any view of the case the plaintiff had upon the trial every opportunity which the law affords to assert his title, and we think no error was committed by the learned trial judge to his prejudice.

The judgment appealed from should, therefore, be affirmed.

All concur.

Judgment affirmed.