DAVID T. BAYLIS *et al.*, Respondents, *v.* AUSTIN ROOE, Appellant.

*N. Y. Supreme Court, Second Department, General Term, May* 13, 1889.

1. *Highways. Obstructions.*—Commissioners of highways have jurisdiction over the whole width of the highway as established, and each part of it, and may maintain an action for a penalty in case of an obstruction to any portion thereof.
2. *Same. Fence.*—A fence standing within the limits of a highway is an obstruction within the statute.

Action brought to recover a penalty for obstructing a highway.

Appeal from a judgment entered upon a verdict in favor of the plaintiffs.

*Wilmot M. Smith,* for appellant.

*Chas. R. Smith,* for respondents.

BARNARD, P. J.—The old rule that a road might be technically laid out to prevent an action for an obstruction or infringement of a highway, was abrogated by chapter 245, Laws of 1878. All highways, whether laid out or used as highways, for twenty years, were subject to the penalty.

The rule laid down in Peckham *v.* Henderson (27 Barb. 207), of an encroachment, not amounting to a public nuisance, is not in harmony with Driggs *v.* Phillips (103 N. Y. 79; 3 N. Y. State Rep. 69). The commissioners in this case are held to have jurisdiction over the whole highway, over "the whole width of the highway as established, and each part of it.

The obstruction was claimed to be a fence, and the issue of fact was fairly tried. The whole issue centered in the place where a locust post was fixed as a starting point on the south side of the Coram road. The evidence was conflicting. The record of the road called for a point two hundred and sixty-two feet from the south-east corner of the Congregational church. The defendant gave evidence tending to show that the true starting point was a cannon planted in a line with defendant's fence. The jury found in favor of the true point of beginning, being the one called for by the church corner.

No question was made upon the trial as to the building, beyond the testimony that it was put in the road by one Smith without authority. He was told to put it on the corner of the Coram and Canaan roads, and he put it beyond. The land was then leased by defendant's son, and has been ever since at a yearly rent. With the finding of an encroachment as to the fence, this building is also an encroachment. The fence is alone sufficient to uphold the verdict. No question is made as to the sufficiency of these orders declaring the encroachment and of the notices to remove the same, nor of the refusal of the defendant so to do.

The judgment should, therefore, be affirmed, with costs.

All concur.