### EXCELSIOR BRICK CO. v. VILLAGE OF HAVERSTRAW.

(Supreme Court, General Term, Second Department.   December 12, 1892.)

MUNICIPAL CORPORATIONS—ALTERATION OF STREETS—ESTOPPEL.

The general act for the incorporation of villages, giving village trustees power to lay out and open new roads and streets, to widen, change, and improve other roads, and to discontinue or alter streets, and providing that no road, street, etc., shall be opened or altered, unless all claims for damages on account thereof be released, except on petition of 10 freeholders, residents of the village, (Laws 1870, c. 291, tit. 3, § 3, and tit. 7, § 1,) furnishes a substitute for the provisions of the Revised Statutes for discontinuing a highway upon the certificate of 12 freeholders; and a mere resolution of village trustees discontinuing a street, and substituting a way to which the village had no title, without any application therefor, or release of damages or petition of freeholders, is inoperative and void, and the public is not estopped thereby to hold such street.   16 N. Y. Supp. 681, approved.

Appeal from special term, Rockland county.

Action by the Excelsior Brick Company against the village of Haverstraw to restrain defendant from entering upon or interfering with cer-

tain lands claimed by plaintiff, which defendant alleges were public streets.    Defendant had judgment, and plaintiff appeals. . Affirmed.

For report on prior appeal, see 16 N. Y. Supp. 681.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Irving Brown, (Calvin Frost, of counsel,) for appellant.

Alonzo Wheeler, (E. A. Brewster, of counsel,) for respondent.

DYKMAN, J.    This action is before us for the second time, but it comes in the same shape as before, except that the complaint has been amended so as to present the question of estoppel.    We adhere to our former decision, and hold that there is no estoppel.    Driggs v. Phillips, 103 N. Y. 77, 8 N. E. Rep. 514.    All concur.