ISAAC H. SNYDER

v.

THE CITY OF MT. PULASKI.

*Opinion filed October 24, 1898—Rehearing denied December 13, 1898.*

1. MUNICIPAL CORPORATIONS—*city cannot grant easement in street not of a public nature.* A city holds its public streets in trust for public uses, and can grant no permanent easement therein for the benefit of private parties and to the exclusion of the public.

2. SAME—*ordinance granting private use of a public street is a mere license.* An ordinance granting the right to construct and use a well in a public street for private purposes is a mere license, which may be revoked by the city at any time, as against the licensee or his grantees.

3. SAME—*one contracting with a city presumed to know the legal limitations on its power.* One authorized to erect and maintain an electric light plant for twenty years, and, in connection therewith, to maintain and use a well in a public street, must be presumed to have known the limitations imposed by law upon the city's power to grant such use of its street, and acquires no vested right to use the well free from the city's interference.

4. SAME—*licensee is merely protected against penalty for obstructing the street.* One authorized by city ordinance to maintain an obstruction in a public street is merely protected, during the continuance of the license, against a penalty, but upon the city's demand for the removal of such obstruction it becomes a purpresture, and, in law, a nuisance.

5. SAME—*estoppel against a city cannot be predicated upon an unlawful act.* A city having no authority to grant the privilege of constructing and maintaining in a public street a well for private purposes, its action in so doing cannot be made the basis of a claim of estoppel to protect the licensee from the city's interference.

*Snyder v. City of Mt. Pulaski*, 69 Ill. App. 474, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Logan county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

On March 24, 1891, the appellant was granted, by ordinance, the right to erect and operate an incandescent electric light plant in the village of Mt. Pulaski for the

term of twenty years. On the 18th of April of the same year he purchased a lot on which a flour mill formerly stood, which, when in operation, had been supplied with water from a well in Green street, near its intersection with Spring street, in the village. This well was dug by the operators of the flour mill with the consent of the village authorities, and was connected with the lot by means of pipes laid underground. Afterwards, on June 23 of the same year, by an ordinance duly passed and approved, appellant was allowed the use of the well for the period of twenty years, the same to be maintained at his own expense and to be so kept as to be safe to the traveling public. In October following, by another ordinance, he was granted the right to put in upon the streets of the village the necessary appliances for an arc system of electric lighting, with a contract for street lights for five years. In the erection of the incandescent plant he expended, in round numbers, $9000, and for the arc system about $10,000 more. When the right to use the well was given him he found that the Peoria, Decatur and Evansville Railway Company was using it to supply its engines, and he entered into a contract with it to supply it with water, using the railway company's pump until the following spring. In the spring of 1892 he discovered the water supply to be insufficient, and dug a well immediately adjoining the old one, inserting what is known as a "Cook's point" to connect the two. Later on he made contracts with various parties, among others the Illinois Central Railroad Company and a flour mill, to furnish them water, and continued his business without interruption until November 25, 1895, when he was served with a notice, signed by the street commissioner, ordering him to remove the "Cook's point" and all other attachments placed in Green street by him, and the pump and attachments in this second well. The pump in it not being suitable to be placed in the old well, on December 13, 1895, he purchased a new one, with necessary

pipe and apparatus, for the purpose of placing the same in the old well, the cost of which was about $500. In order to lift the pump out of the new well he erected a derrick, and was proceeding with the work of taking out the pump and appliances and putting the new pump in the old well, when the events transpired which gave rise to this suit.

On December 21, 1895, the city council, the village organization having been changed to that of a city organization, repealed the ordinance granting the appellant the use of the old well, and thereafter, while he was at work making the changes above mentioned, he was served with a notice, signed by the city attorney, stating that the city objected to the deepening of the old well, and to the placing of any appliances therein which would enable him to draw water from a deeper level than the bottom of the well as it was originally constructed. He was also notified at the same time, verbally, by both the city marshal and the city attorney, to stop work, which he refused to do. While the work was going on the street commissioner and others tore down the derrick and filled up the pipe he was placing in the old well with brickbats and other materials, and also proceeded to fill up the well with dirt and rubbish. Thereupon he obtained an injunction restraining the city from interfering with and obstructing him in the work, and proceeded to clean out the old well and put down in it a new eight-inch pipe, driving the same about thirty feet below the bottom of the well. He then covered the well with a platform made of four-inch oak plank, and filled up the new well.

The evidence shows that prior to this trouble appellant maintained the well in a dangerous condition; that he permitted steam to escape into it in a manner calculated to frighten horses on the street, and kept it insecurely covered. The temporary injunction granted was, on the hearing, dissolved and his bill dismissed. An appeal was taken to the Appellate Court for the Third Dis-

trict, where the decree of the circuit court was affirmed, and the case is brought here by this further appeal.

A. G. JONES, and BLINN & HARRIS, for appellant:

Cities and villages have the power to provide for a supply of water by sinking wells, etc., and may maintain them in the public street. Rev. Stat. sec. 169, art. 10, chap. 24; 2 Dillon on Mun. Corp. (3d ed.) sec. 690; *West* v. *Bancroft*, 32 Vt. 367; *Louisville* v. *Osborn*, 10 Bush, 226.

Municipalities, under the power of exclusive control of their streets, may allow any use of them consistent with public objects for which they are held. *Gregsten* v. *Chicago*, 145 Ill. 452; *Nelson* v. *Godfrey*, 12 id. 20; *Quincy* v. *Bull*, 106 id. 337; *Gridley* v. *Bloomington*, 68 id. 47; *Railway Co.* v. *Elgin*, 91 id. 251; 2 Dillon on Mun. Corp. sec. 688; *Gas Co.* v. *Lake*, 130 Ill. 42; *McCartney* v. *Railroad Co.* 112 id. 611; *Dixon* v. *Electric Light Co.* 53 Ill. App. 381; *U. S. T. Co.* v. *Guernsey*, 46 Mo. App. 320; *People* v. *Walsh*, 96 Ill. 248; *Coal Co.* v. *LaSalle*, 34 Ill. App. 98; *Chicago* v. *Ramsey*, 87 Ill. 364.

A contract made by a city officer, although unauthorized, may be ratified so as to become binding upon the municipality. 1 Dillon on Mun. Corp. (3d ed.) sec. 463; *Shawneetown* v. *Baker*, 85 Ill. 563; *Bruce* v. *Dickey*, 116 id. 534.

Where an ordinance is passed without consideration, if, upon the faith of such an ordinance, a person invests his money, that is a consideration; so that what may have been a revocable license ceases to be so and cannot be revoked. *Gas Co.* v. *Lake*, 130 Ill. 54; *Willoughby* v. *Lawrence*, 116 id. 20; 13 Am. & Eng. Ency. of Law, 548; *Rerick* v. *Kern*, 14 S. & R. 267; 2 Herman on Estoppel, secs. 1040, 1041; *Russell* v. *Hubbard*, 59 Ill. 337; *Mool* v. *Baltimore*, 53 Md. 496; *White* v. *Smith*, 37 Mich. 291; *Harrison* v. *Boring*, 44 Tex. 255; *Williams* v. *Flood*, 63 Mich. 487; *Rhodes* v. *Otis*, 33 Ala. 578; *Campbell* v. *Railroad Co.* 110 Ind. 490.

A revocable license, where the use of property granted is in the nature of a public use, cannot be revoked with-

out reasonable notice.    *Houston* v. *Boozer*, 70 Tex. 530; *Carnish* v. *Stubbs*, 5 L. R. C. P. 334.

F. L. TOMLINSON, and BEACH & HODNETT, for appellee:

A city cannot divert its streets to any other use than that of streets for public travel.    *McDowell* v. *Hall*, 148 Ill. 51; *Field* v. *Barling*, 149 id. 556; *Barrows* v. *Sycamore*, 150 id. 588; *Kreigh* v. *Chicago*, 86 id. 407; *Morrison* v. *Hinkson*, 87 id. 587; *Hibbard* v. *Chicago*, 59 Ill. App. 470.

A city cannot allow use of any part of streets by private parties.    *Field* v. *Barling*, 149 Ill. 566; *Costello* v. *State*, 18 So. Rep. 820; *Hibbard* v. *Chicago*, 59 Ill. App. 470.

The public have a right to passage over a street to its utmost extent, unobstructed by any impediments.    *Nelson* v. *Godfrey*, 12 Ill. 20; *Field* v. *Barling*, 149 id. 566; *McDowell* v. *Hall*, 148 id. 51; *Costello* v. *State*, 18 So. Rep. 820; *Callanan* v. *Gilman*, 1 Am. St. 840.

The power of a municipal corporation to pass the ordinance in question must be found in the statute, and the authority thereby conferred cannot be exceeded.    Any fair, reasonable doubt concerning the existence of power is resolved by the courts against the corporation, and the power is denied.    1 Dillon on Mun. Corp. secs. 55, 251; *Rawlins* v. *Cerro Gordo*, 32 Ill. App. 215; *Trustees* v. *Jacksonville*, 61 id. 199; *Emmons* v. *Lewistown*, 132 Ill. 380; *Chicago* v. *McCoy*, 136 id. 344; *Cairo* v. *Bross*, 101 id. 475; *Heusing* v. *Rock Island*, 128 id. 465; *Ladd* v. *Jones*, 61 Ill. App. 584.

The laws of a municipality should be uniform and of general operation within the city limits, and any unnecessary discrimination between persons, classes or locations will invalidate them.    *Chicago* v. *Rumpff*, 45 Ill. 90; *Bloomington* v. *Wahl*, 46 id. 492; *Zanone* v. *Mound City*, 103 id. 552; *East St. Louis* v. *Wehrung*, 50 id. 28; *Logan* v. *Payne*, 43 Iowa, 542; *Tugman* v. *Chicago*, 78 Ill. 405; *Lake View* v. *Tate*, 130 id. 247; *Councilman* v. *Cremonini*, 36 La. Ann. 247; *Irvine's Appeal*, 16 Pa. St. 256; Dillon on Mun. Corp. sec.

176—26

322; Horr & Bemis on Mun. Corp. sec. 135; Tiedeman on Mun. Corp. sec. 152; *Hibbard* v. *Chicago,* 59 Ill. App. 470.

The well ordinance, being a mere license, may be repealed by the city, and its repeal operates as a revocation of the license. *Hibbard* v. *Chicago,* 59 Ill. App. 470; *Dwight* v. *Hayes,* 150 Ill. 273; *Kamphouse* v. *Gaffner,* 73 id. 459; *Hodgkins* v. *Farmington,* 22 N. E. Rep. 73.

A license is revocable, even though money is expended on the faith of it. *Woodward* v. *Seeley,* 11 Ill. 157; *Owen* v. *Field,* 12 Allen, 457; *Selden* v. *Canal Co.* 29 N. Y. 639; *Foot* v. *N. A. & N. Co.* 23 Conn. 223; *Hibbard* v. *Chicago,* 59 Ill. App. 470; 7 Wait's Actions and Defenses, 206.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The streets of a city are dedicated for public use, and for these purposes the city council may improve and control them and adopt needful rules for their management and use. But that body has no power to alien or otherwise encumber such streets so long as they are public streets, but must hold them in trust for public uses only, and hence no easement or right therein not of a public character can be granted by a municipality or acquired by any individual or corporation for exclusive private use, to the exclusion of the public. (*Field* v. *Barling,* 149 Ill. 556; *Hibbard & Co.* v. *City of Chicago,* 173 id. 91.) A permanent encroachment upon public streets for a private use is a purpresture, and is in law a nuisance. (*Driggs* v. *Phillips,* 103 N. Y. 77; *Smith* v. *State,* 23 N. J. L. 712; *Attorney General* v. *Heishon,* 18 N. J. Eq. 410; *State* v. *Woodward,* 24 Vt. 92; *Chamberlain* v. *Enfield,* 43 N. H. 356; *Commonwealth* v. *King,* 13 Metc. 115; *Hibbard & Co.* v. *City of Chicago, supra.*) In the case last cited it was said (p. 98): "Where the city has authorized a temporary use which causes a temporary obstruction, one having been licensed to exercise such temporary use would not be liable for a penalty, under the ordinances, for obstructing the street, as it was

permitted as a matter of grace or favor. That such permission was given may be implied from circumstances. (*Gridley* v. *City of Bloomington*, 68 Ill. 47.) But when the city demands the removal of such a structure, it, if permitted to remain thereafter, becomes a nuisance."

The claim of the appellant that the second ordinance, which granted him the privilege of using the well, is part of the whole contract and that without it he would not have accepted the franchise or erected the plant, in no way affects the question of law. He claims that the right to use the well was part of the consideration upon which he acted, and was intended as an inducement to him to accept the franchise and build the works. He must have acted with full knowledge of the fact that the municipality had no right or power to confer on him a right to a private use of the street, giving him a right to a permanent encroachment thereon and allowing him to create a purpresture. There being no power in the city to make a discrimination in the use of the streets in favor of appellant, and permit him to have a permanent private use of the same or to part thereof, if it has done so the most that can be said is, it amounted to a mere license that would not render him amenable to punishment for a violation of an ordinance of the city in obstructing the street. Such permission to so use the street is not binding upon the city, and is not irrevocable. The municipality having no power to grant such permanent use, there can be no estoppel against it from requiring the street to be open in its entirety, because no estoppel can arise from an act of the municipal authorities done without authority of law. *Seeger* v. *Mueller*, 133 Ill. 86; *Pettis* v. *Johnson*, 56 Ind. 139; *Stevens* v. *St. Mary's Training School*, 144 Ill. 336; *Day* v. *Grieb*, 4 Cush. 433.

There was power in the city council to pass the ordinance repealing the former ordinance granting the right to appellant to use the street, for such former ordinance, being without authority of law, might well be rescinded.

Appellant acquired no right under the former ordinance against the public, nor did he acquire any right against the municipality by estoppel, nor by any right conferred by the ordinance, because the right conferred was a mere private use, and that private use created a purpresture. This fact it was the duty of appellant to know, hence a right existed in the city council to repeal the ordinance theretofore enacted granting the right to appellant to have and use this well in the public streets of the city.

It was not error in the circuit court of Logan county to dismiss appellant's bill, nor in the Appellate Court for the Third District to affirm its decree. The judgment of the Appellate Court for the Third District is affirmed.

*Judgment affirmed.*

Mr. JUSTICE BOGGS took no part in the decision of this case.