**The People of the State of Illinois ex rel. Edward Jeffrey, Appellant, v. Michael J. Murphy et al., Appellees.**

**Gen. No. 8,053.**

Opinion filed August 15, 1929.

F. J. CAMPBELL, for appellant.

LOUIS A. NACK, City Attorney and FRANK T. SHEEAN, for appellees.

MR. JUSTICE JETT delivered the opinion of the court.

Edward Jeffrey, the relator, appellant, filed a petition for mandamus in the circuit court of Jo Daviess county against the City of Galena, Michael J. Murphy, Loretta Murphy, August W. Thode, mayor of the City of Galena, and the members of the city council thereof, appellees, for the removal of certain alleged obstructions in Commerce Street and Perry Street in the said City of Galena.

The petition alleges that the City of Galena is a municipal corporation, and as such has charge, posses-

sion, custody and control of the public streets and sidewalks within said city; that it is the duty of said city, by its mayor and city council, to prevent the erecting or placing upon, and to remove from, any and all encroachments and obstructions upon said streets and sidewalks; that the law of the State of Illinois and the ordinances of the City of Galena prohibit encroachments or obstructions being erected or placed upon any street, alley or sidewalk of said city by any person or party; that the mayor and aldermen of said city, well knowing their duty in that behalf, did not and now refuse to perform that duty, but suffered and permitted them to remain upon the streets and sidewalks of said city and do now suffer and permit to remain upon the streets and sidewalks of said city, to wit, Commerce Street and Perry Street, the encroachments and obstructions hereinafter mentioned and set forth.

The relator further alleges that he is a citizen, a taxpayer of, and owner of, real estate in said city; that as such citizen, together with all other citizens of said city, he is justly and lawfully entitled to the free and unobstructed use of said streets and sidewalks; that prior to the commencement of this suit, one Michael J. Murphy caused to be erected and constructed upon the sidewalks of said city to wit, upon the street and sidewalks of Commerce Street and Perry Street, the encroachments and obstructions hereinafter mentioned and set forth; that the real estate or lot abutting upon said Commerce Street and Perry Street where said encroachments and obstructions were erected and now maintained, is owned and possessed by said Michael J. Murphy and Loretta Murphy, his wife; that said encroachments and obstructions now being maintained upon said streets and sidewalks as aforesaid are unlawful and in violation of the rights of your petitioner and other citizens of said city and are as follows, to wit, upon the public sidewalk on said Commerce Street,

is a mass of concrete, consisting of cement and stone gravel, extending along and upon said sidewalk, a distance of 7½ feet, and extending from the inner edge of said sidewalk toward the middle thereof, a distance of 19 inches, and elevated from the grade or level of said sidewalk 9 inches in height, and extending from the inner edge of said sidewalk to the outer edge thereof, at a sharp angle; that on said Perry Street is a mass of concrete consisting of cement and stone gravel, used as a driveway from said street level to the entrance of a garage, owned by said Murphys, over and upon the said sidewalk of said Perry Street and extending along said sidewalk, a distance of 8½ feet, and extending over and upon said sidewalk from its inner edge to its outer edge the entire width of said sidewalk, a distance of 3½ feet; that said driveway extends from the door of said garage, over and upon said sidewalk and out into said Perry Street, a distance of 9½ feet; that said driveway is elevated from the grade or level of said sidewalk at its inner edge, a distance of 18 inches, and at the outer edge thereof, a distance of 13 inches and extending from said street level or grade to the said door of said garage, a distance of 9½ feet, and extending over and upon said sidewalk there at a sharp angle.

The relator further sets forth in his petition that said obstructions are of a permanent nature and are a purpresture on said street; that unless removed, said obstructions will continue to be a menace to the safety of citizens of said city, or to any person who may use said sidewalks; that he has repeatedly made demand upon said Murphy to remove said obstructions but that said Murphy has refused and neglected so to do; that he has made repeated demand upon the mayor and aldermen of said city to cause said encroachments and obstructions to be removed but said officials refused and neglected so to do; that he appeared before the

city council in a regular open meeting at which the mayor and all the aldermen were present and demanded that said body cause said encroachments and obstructions to be removed; that neither said Murphys nor the said mayor and council have caused said encroachments and obstructions to be removed, whereby they still remain a public nuisance and a purpresture in violation of the rights of your petitioner, and the citizens and public of said city. The prayer of the petitioner then follows.

After the petition was filed, the respondents filed a plea in which they averred that since the institution of this proceeding, the alleged obstruction on Commerce Street had been and is now removed.

Issues were made upon the petition and answer, as to the obstruction on Perry Street. Evidence was heard and the court instructed the jury to find the issue for the appellees and this appeal followed.

Murphy is the owner of a garage. The proof shows the existence of the driveway in question; that it crosses the entire width of the walk and next to the garage entrance is about 18 inches higher than the walk, and on the outer side of the walk, the driveway is approximately 13 inches higher than the walk.

The record shows that photographs were offered in evidence and were admitted without objection from respondents. They show a situation such as is complained of in the petition.

The use of the streets by the public includes the uninterrupted, unimpeded and unobstructed use of every portion thereof. It has the right to use all the ground to travel upon. *Village of Scales Mound v. Gessner,* 245 Ill. App. 642.

The rule is well settled that when a public street is once established, all of the beneficial uses vest in and devolve upon the public. These uses include the uninterrupted, unimpeded and unobstructed use of every

portion and·part of such public highway, not only that they may use all the ground for foundation to travel upon, but that they may likewise enjoy the uses of the air above and the ground beneath the surface. *People ex rel. Burton v. Corn Products Refining Co.,* 286 Ill. 226–232.

In *Hibbard, Spencer, Bartlett & Co. v. City of Chicago,* 173 Ill. 91, the court said: "The right of the public to the exclusive use of the streets for public purposes is inconsistent with the right of a private citizen to encroach thereon by the erection of a permanent structure. The streets are held in trust by the municipality, and this fact prevents the municipality from authorizing any encroachment on or obstruction of them by such structures."

The matter of inconvenience to the public, or that sufficient of the street remain unobstructed to still accommodate the public travel, cannot be considered. The trustee of the public—the municipality—is charged with the duty of keeping and maintaining the streets, in all their parts, open and unobstructed, and in a reasonably safe condition, for the public use. No question of the amount of damage done or which may ensue from the creation of the purpresture is raised, nor can it be considered in proceedings by the public, the question being simply, whether there has been an invasion of the public right. *Smith v. McDowell,* 148 Ill. 51; *People ex rel. Burton v. Corn Products Refining Co.,* 286 Ill. 226.

Mandamus is an appropriate remedy to compel a city to remove an obstruction upon its streets. *People ex rel. Meeker v. City of Casey,* 241 Ill. App. 91–92.

Appellees insist that the only question before this court is, as to whether or not the relator proved his case as alleged in the petition, and asked the questions, can this court say, from the evidence introduced, what were the width and location of Perry Street in the City

of Galena; can this court say, what is the established grade of Perry Street; where the Murphy garage is located; whether the driveway was located on Perry Street or on the property of Murphy?

We are of the opinion that none of the reasons assigned by appellees is substantial or pertinent. It makes no difference what were the width and location of Perry Street in the City of Galena, nor what was the established grade of Perry Street. It does definitely appear that Murphy's garage is located on Perry Street; that the driveway crosses the sidewalk on Perry Street and that it is so constructed that it is an obstruction to pedestrians.

The evidence tended to establish the allegation of the petition and it was error for the trial court to give a peremptory instruction directing a verdict. The judgment of the circuit court of Jo Daviess county is therefore reversed and the cause remanded.

*Reversed and remanded.*