DUANE CURREN et al., Respondents, *v.* STATE OF NEW YORK, Appellant.   (Claim No. 43398.)

Third Department, May 22, 1967.

450

*Bertram A. Ziff* (*Everett C. Weiermiller* of counsel), for respondents.

*Louis J. Lefkowitz, Attorney-General* (*Jean M. Coon* and *Ruth Kessler Toch* of counsel), for appellant.

GIBSON, P. J. The State appeals from a judgment of the Court of Claims which found a *de facto* appropriation of a portion of claimants' lands abutting State Highway 28 (Route 328) and accordingly adjudged that a parcel approximately nine feet in width and extending across the front of claimants' property '' was effectively appropriated and taken by the State ''. The State contends that the parcel was within the bounds of the existing highway right of way, which is substantially that of a former road which was conveyed in 1848 by the Supervisor and Highway Commissioners of the Town of Southport to the Southport Plank Road Company, which thereafter maintained and operated it, and whose easement and rights ultimately passed to, and are now possessed by the State, as all parties seem to agree. The State further contends that the right of way transferred to the company and now owned by the State was four rods in width. Concededly, claimants' parcel, being within 33 feet of the center line of the highway, is within the right of way, if the latter is four rods wide. If it is not, the width can be established by user (evidence thereof including the location of claimants' gasoline pumps some 29 feet from the center line of the highway pavement) which would apparently locate claimants' parcel as without the boundaries of the right of way.

Chapter 210 of the Laws of 1847, passed May 7, 1847, entitled '' An act to provide for the incorporation of companies to construct plank roads '', provided, in section 31, that '' every plank road made by virtue of this act, shall be laid out at least four rods wide ''. Section 4 required an application for authority to lay out and construct such a road to be made to the Board of Supervisors of each county through which the road should pass; and section 26 provided for agreement by the Supervisor and Highway Commissioners of a town for the taking and use of a town highway by any such plank road company. From these provisions, including the requirement of a four-rod width, the State correctly argues that it must be presumed either that the Town of Southport conveyed a right of way four rods wide or, if it did not, that the company acquired from adjoining owners the additional necessary width. The theory of a transfer to the

company of a road at least four rods wide seems to be corroborated somewhat by proof of the existence of the road in 1827 (this by reference thereto in an 1827 deed) and by colonial and State statutes requiring public roads to be laid out at least four rods wide (see, e.g., L. 1801, ch. 186; and *City of Cohoes* v. *President, etc., Delaware & Hudson Canal Co.*, 134 N. Y. 397, 407); and although chapter 198 of the Laws of 1826 for the first time permitted a lesser width, the State argues, not unreasonably, that the road referred to in the 1827 deed was most likely constructed prior to the effective date of the 1826 act.

Although otherwise adopting the State's contentions, the Court of Claims considered that no presumption of a four-rod width arose from the provisions of chapter 210 of the Laws of 1847 because, in its view, the 1848 transfer from the town to the company was not governed by chapter 210, passed May 7, 1847, inasmuch as the survey and agreement of transfer according to the court's opinion "expressly stated that they were made pursuant to an act passed November 24, 1847." The latter act (L. 1847, ch. 398), being largely procedural, contained no requirement as to width but in so noting the trial court failed to quote the complete reference in the transfer agreement, which was to "an act * * * passed November 24, 1847, *and the act to which it is a supplement*" (emphasis supplied), clearly chapter 210. The statutes (chs. 210 and 398) are *in pari materia* and must be construed together, as was done in *Palmer* v. *Fort Plain & Cooperstown Plank Road Co.* (11 N. Y. 376, 385–386) from which it follows that chapter 398 neither repealed nor in any way affected the width requirement provided by section 31 of the earlier act. Neither could the actual user, if and as indicated by the location of claimants' pumps and other structures, become effective to prescribe the width of the highway which the statute had once established. (*Driggs* v. *Phillips,* 103 N. Y. 77, 83.) As in *Walker* v. *Caywood* (31 N. Y. 51, 63), which seems to us decisive of the case before us, the claimants were "chargeable with knowledge of the position of the centre line of the road, and * * * knew that, by statute, it must be four rods wide."

The judgment should be reversed, on the law and the facts. and the claim dismissed.

HERLIHY, REYNOLDS, AULISI and GABRIELLI, JJ., concur.

Judgment reversed, on the law and the facts, and claim dismissed, without costs.