AGNES ROBERTSON BOUCICAULT, Respondent, *v.* DION BOUCICAULT, Appellant.

*First Judicial District—a judge in, may make an order, which elsewhere must be made by the court—Code of Civil Procedure, § 770—Code of Civil Procedure, § 550, subd. 4—a defendant, in an action for a divorce on the ground of adultery, may be arrested under it.*

It is no objection to an order of arrest granted under subdivision 4 of section 550 of the Code of Civil Procedure, that it prescribes the form of the undertaking to be taken by the sheriff, if such form corresponds with that required by subdivision 1 of section 575 of the said Code.

So much of section 551 of the Code of Civil Procedure as provides that, in a case specified in subdivision 4 of section 550, an order of arrest can only be granted by the court, is not applicable to the First Judicial District, and in the said District such an order may be made, by a judge out of court, at any time.

Under section 770 of the Code of Civil Procedure, any application, except for a new trial upon the merits, which, elsewhere, must be made in court, may, in the First Judicial District, be made at any time to a judge out of court.

In an action brought by a wife against her husband, to procure an absolute divorce on the ground of adultery, an order for his arrest may be granted under subdivision 4 of section 550 of the Code of Civil Procedure.

APPEAL from an order denying the defendant's motion to vacate an order of arrest granted by the court under subdivision 4 of section 550 of the Code of Civil Procedure.

The action was brought by the plaintiff to procure an absolute divorce from her husband, the defendant, on account of his adultery. The affidavit of the plaintiff stated, among other things, that she was wholly without income or means of support; that she had five children, three of whom were minors.

" That this action is brought to obtain a divorce from the defendant by reason of such adultery; that the defendant is about to depart from this State, and that he has, as deponent is informed and believes, no present intention of returning to this State, except, possibly, to pass through it; that it is announced that his engagement as an actor at Wallack's Theater in this city will close this evening, and that he is announced to appear at one of the theaters in Baltimore on Monday evening next, and that he is to sail for Europe on April 10, 1880, to be gone indefinitely.   *   *   *

" Deponent further says that the judgment to be sought in this action is a judgment of divorce in favor of this deponent, with an order or decree adjudging the payment to her of an adequate sum annually for her maintenance and support, such sum to be such as is suitable to her station in life, and to the defendant's means and income; and further adjudging to her the custody and control of her said children, and forbidding defendant to interfere with such custody and control, but requiring him to pay a proper and adequate

·sum for their education and support ; and that there is danger that by reason of the departure from the State of defendant, and his continued absence, the judgment of the court will be rendered ineffectual."

The order was entitled as follows·:

> " At a Special Term of the Supreme Court of the State of New York, held at the Court House, in the city of New York, in and for the city and county of New York, on the 27th day of March, 1880.

" Present—Honorable Charles Donohue, *Justice*."

After certain recitals it provided : " You are required forthwith to arrest said defendant, Dion Boucicault, in this action, and hold him to bail in the sum of nine thousand dollars, by a written undertaking, executed by two or more sufficient bail, stating their place of residence and occupation, to the effect that the defendant will obey the direction of the court, or of an appellate court, con-, tained in an order or a judgment, requiring him to perform the acts above specified, or, in default of his so doing, that he will at all times render himself amenable to proceedings to punish him for the omission, and return this order with your proceedings there-under, as prescribed by law."

*A. J. Dittenhoeffer*, for the appellant.

*George Bliss*, for the respondent.

Barrett, J. :

The order of arrest was not irregular in prescribing the form of undertaking. That direction might have been stricken out, or disregarded as surplusage. But as the order in that respect strictly followed subdivision 1 of section 575 of the Code of Civil Procedure, the defendant was not prejudiced. If the direction had been entirely omitted, the sheriff would have been required by law to take an undertaking in precisely the same form. It was quite proper to furnish the officer with this specific guidance, rather than require him to gather the proper form from the papers. The defendant's right to the jail liberties, under section 149, was not in. the least affected by the direction in question. "Under the bail

Hun.—XXI. 28

bond required by section 575," as was said in *Levy* v. *Kaim* (55 How. Pr., 137), " the defendants are discharged *from the arrest* (see § 573), while under the limit bond the defendants remain under arrest, and are merely admitted to the liberties of the jail." If the defendant did not desire to give the bail, required by the order, to effect his discharge, he had a perfect right to offer the limit bond under section 149, and the sheriff would have been bound to accept it.

Nor is the point well taken that the order of arrest was granted by Mr. Justice DONOHUE after the adjournment (for the day) of the Special Term at Chambers. The objection is not specified in the order to show cause, nor is there any proof that the order of arrest, which purports to have been made by the court, was not in fact so made. For aught that appears, Mr. Justice DONOHUE was holding the Special Term for the trial of equity causes. Certainly, the verity of the order cannot be impugned by loose statements made upon information and belief. But further, it is provided by section 770 of the Code of Civil Procedure (following subdivision 2 of section 401 of the Old Code), that in the First Judicial District a motion which elsewhere must be made *in court*, may be made to a judge out of court, except for a new trial upon the merits. Under section 768, an application for an order *is a motion*. The present application was therefore lawfully made to, and properly granted by, a justice out of court. (See *Disbrow* v. *Folger*, 5 Abb. Pr., 53; *Lowber* v. *Mayor*, Id., 325.) There is nothing in the suggestion that the effect of section 770 was merely to authorize judges to grant court orders *during the actual session* of the court, as auxiliaries or aids thereto. The object undoubtedly was to provide for the great pressure of *ex parte* business in the city, and the emergencies which are constantly arising. To limit the application of the section to the hours when the Chambers Special Term is actually in session would be very largely to neutralize the useful purpose sought to be attained. When the court is in session the justice there presiding can generally pass upon all the *ex parte* applications without assistance. It is during the hours of recess or adjournment that the exigencies contemplated and provided for most frequently arise. There is no such limitation as that contended

for to be found in the letter of the section. Clearly none in the spirit or purpose. Under the broad language used, we think that *any* application which elsewhere must be made *in court*, may here be made *at any time* to a judge out of court.

Next it is contended that the case at bar is not one in which an order of arrest could lawfully issue, for the reason that the judgment will not require the performance of an act, the neglect or refusal to perform which would be punishable by the court as a contempt, and that, consequently, the case is not brought within subdivision 4 of section 550 of the Code of Civil Procedure. This subdivision, Mr. Throop says in his notes, was intended as a substitute for the writ of *ne exeat*. That writ, it was well settled, would issue in such a case as the present. (*Denton* v. *Denton*, 1 Johns. Ch., 441; *Forrest* v. *Forrest*, 10 Barb., 46; *Bushnell* v. *Bushnell*, 15 Id., 399.) The question, therefore, is whether the codifier has frustrated his own intention. We think not. The court may ultimately in this action render a judgment requiring the defendant to perform an act, the neglect or refusal to perform which would be punishable as a contempt. At all events, it cannot with certainty be asserted that the judgment will not (and that lawfully) require the performance of such an act. The defendant may be enjoined from interfering with the plaintiff's custody and control of the children, or, under other circumstances, he may be required to transfer and deliver them into her custody and control. He may also be required to give reasonable security for the maintenance of his children, and for any allowance awarded to his wife. (3 R. S., Banks' 6 ed., p. 159, § 74.) It is true that, in default, his personal property and the rents and profits of his real estate may be sequestered. But that provision of the statute is plainly additional to, and does not exclude, the ordinary remedy by attachment. If, then, the defendant, having the ability, is required by the final judgment to furnish reasonable security, and neglects or refuses to perform the act of giving it, he may be punished by the court as for contempt. The requirement would be "a lawful mandate," and the neglect or refusal to comply would be "disobedience thereto." The case would thus be brought within section 14 of subdivision 3 of the Code of Civil Procedure. The case of *Park* v. *Park*, decided by

the Court of Appeals on February 24, 1880 (see Weekly Digest, March 19, 1880, p. 391), seems to be directly in point, and fully supports the views above expressed. It even goes further, and shakes the authority of *Lansing* v. *Lansing* (4 Lans., 377). "The position," said Mr. Justice MILLER, "that payment of the costs and alimony cannot be enforced by proceedings for contempt, is sufficiently answered in the opinion of the General Term, with which we concur, and does not require discussion." The opinion of the General Term was delivered by LEARNED, P. J., and *Lansing* v. *Lansing* was there distinctly referred to and criticised.*

Finally, the plaintiff makes out a sufficient case for the order. She shows that the defendant is about to depart from the State with no present intention of returning, except possibly to pass through it, and that he is to sail for Europe within a month, to be gone indefinitely. Although the defendant moved to vacate upon an affidavit of his own, he made no denial of these charges. They would have been sufficient to justify a *ne exeat*. (Cases before cited ; and *Collinson* v. ——, 18 Ves., 353.) Coupled with the plaintiff's undenied averment, they certainly make out a *prima facie* case of danger that, by reason of such departure, the judgment requiring the performance of some of the acts suggested will be rendered ineffectual.

The order appealed from should therefore be affirmed, with $10 costs, and the disbursements of the appeal.

DAVIS, P. J., and DANIELS, J., concurred.

Order affirmed, with $10 costs and disbursements.