HIBBARD, SPENCER, BARTLETT & CO.

*v.*

THE CITY OF CHICAGO *et al.*

*Opinion filed April 21, 1898.*

1. MUNICIPAL CORPORATIONS—*city council holds streets in trust for public uses only.* The public streets of a city are dedicated to the public for public use, subject to the control of the city council; but that body must hold them in trust for the public, and has no power to alien or otherwise encumber them for private use.

2. SAME—*council can grant no easement in street not of a public nature.* A city council has no power to grant to an individual or corporation an easement of a private nature in a public street, or any portion thereof, to the exclusion of the public.

3. SAME—*council may grant temporary private use of a public street.* Whilst a city council may grant to individuals or corporations a temporary use of a public street for such a time and in such a way as not to interfere with public use, yet it cannot grant a permanent use to private parties, as such use is a purpresture, and, in law, a nuisance.

4. SAME—*a city ordinance can be repealed or amended only by an act of the same grade.* A resolution or order by a city council, not passed and published as an ordinance, does not operate as a repeal or amendment of a prior ordinance duly passed.

5. SAME—*resolution authorizing erection of an awning in violation of an existing ordinance is a mere license.* A resolution by a city council authorizing an individual or corporation to erect an awning in a manner prohibited by an existing ordinance duly passed, is a mere license and revocable at the will of the council, though acted upon.

6. SAME—*municipal corporation cannot favor or discriminate against individuals.* A municipal corporation cannot confer upon one person authority to do an act prohibited to others having equal rights, and ordinances must be uniform and of general operation, and must neither favor nor discriminate against any person or class.

7. SAME—*ordinances in conflict with the constitution are void.* City ordinances in conflict with the constitution are void, as that which the constitution does not permit the legislature to do cannot be indirectly done by a body holding its power from the legislature.

8. SAME—*commissioner of public works need not wait for council to revoke unauthorized license.* A license by a city council to a private party to erect an awning in a manner prohibited by an existing ordinance is an unauthorized discrimination, and the commissioner of public works, in the exercise of his duties, may order the awning removed without waiting for the council to revoke the license.

9. SAME—*estoppel against municipal corporation cannot arise from an unauthorized act.* No estoppel against a municipal corporation can arise from an act of such corporation or its officers, done either in violation of law or without proper legal authority.

10. SAME—*one licensed to temporarily obstruct a street is not liable to penalty.* One licensed by a city council to erect a structure temporarily obstructing a public street is not liable to a penalty for obstructing such street, but such structure, if permitted to remain after the city has demanded its removal, becomes a nuisance.

11. SAME—*license by city of private use of public street creates no vested rights.* The consent of a city council to the erection of a structure for private use in a public street creates no vested rights, nor can the owner enjoin the removal of the structure on the ground that it does not injure or obstruct any person, as the sole question in such case is, is the structure an encroachment upon the public street.

*Hibbard, Spencer, Bartlett & Co.* v. *Chicago,* 59 Ill. App. 470, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

HAMLINE, SCOTT & LORD, for appellant:

Property holders bordering upon streets have, as an incident of ownership of such property, a right of access by way of the streets, which cannot be taken away or materially impaired by the city without incurring legal liability to the extent of the damages thereby occasioned. *Chicago* v. *Union Building Ass.* 102 Ill. 397.

The legislature, by virtue of its general control over public streets and highways, has the power to authorize structures to be placed in the streets for the convenience of business. This power the legislature may delegate to the governing body of a municipal body. *Hoey* v. *Gilroy,* 129 N. Y. 132.

General use by lot owners, and acquiescence therein by the public and public authorities, may always be resorted to as evidence of what is a reasonable and proper use and of the existence of the right. *McCormick* v. *South Park Comrs.* 150 Ill. 529.

If an act is to be done by a council, and the charter is silent as to the mode, it may be done by a resolution duly signed and executed. Ordinarily the effect of an ordinance and a resolution is the same, both being legislative acts, and under a general power to make ordinances and by-laws any enactment is valid, form being immaterial. Tiedeman on Mun. Corp. sec. 145, and cases in notes 5, 6.

Where the charter commits the decision of a matter to the council and is silent as to the mode, the decision may be evidenced by a resolution, and need not necessarily be by an ordinance. *State* v. *Jersey City*, 27 N. J. L. 493; *Butler* v. *Passaic*, 44 id. 171; *Bath Wire Co.* v. *Railway Co.* 70 Iowa, 105; *Sower* v. *Philadelphia*, 35 Pa. St. 231; *Gas Co.* v. *San Francisco*, 6 Cal. 190; *First Municipality* v. *Cutting*, 4 La. Ann. 335; *Green Bay* v. *Brauns*, 50 Wis. 204; 1 Dillon on Mun. Corp. (4th ed.) sec. 307, and notes.

WILLIAM G. BEALE, Corporation Counsel, and GEORGE A. DUPUY, Assistant, for appellees:

A city council is a miniature general assembly, and its authorized ordinances have the force of laws passed by the legislature of the State. *Taylor* v. *Carondelet*, 22 Mo. 105; *St. Louis* v. *Foster*, 52 id. 513; Dillon on Mun. Corp. (4th ed.) sec. 308; Tiedeman on Mun. Corp. sec. 153; *Hopkins* v. *Mayor*, 4 M. & W. 640; *Milne* v. *Davidson*, 5 Mart. 586; *Tacoma* v. *Lillis*, 31 Pac. Rep. 321.

When an incorporated town or city has been invested by the legislature with power to pass an ordinance for the government or welfare of the municipality, an ordinance enacted by the legislative branch of the corporation, in pursuance of the act creating the corporation, has the same force and effect of a law passed by the legislature. An ordinance is the law of the inhabitants of the municipality. *Mason* v. *Shawneetown*, 77 Ill. 537.

Express repeals can only be effected by an act of equal grade with that by which the ordinance was originally

put into operation. No part or feature of an existing ordinance can be changed by a mere resolution of the council, even though signed by the mayor and recorded. Horr & Bemis on Mun. Corp. sec. 61.

Where power is conferred upon a municipal corporation to regulate any calling or business, it is powerless to delegate a discretionary authority to others or to an individual. *East St. Louis* v. *Wehrung*, 50 Ill. 28; *Kinmundy* v. *Mahan*, 72 id. 462; Dillon on Mun. Corp. (4th ed.) sec. 96.

Laws of a municipality, like the laws of a State, should be uniform and of a general operation within the corporate limits, and any unnecessary discrimination between persons, classes or locations will invalidate them. Horr & Bemis on Mun. Corp. sec. 135; Tiedeman on Mun. Corp. sec. 152; Dillon on Mun. Corp. sec. 322.

The imposition of special restrictions or burdens, or the granting of special privileges to persons engaged in the same business under the same circumstances, is in contravention of the equal right which all can claim in the enforcement of the laws, in the enjoyment of liberty and acquiring of property. *State* v. *Hinman*, 18 Atl. Rep. 194.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

This is a suit in equity to restrain, by injunction, the city of Chicago, its mayor, commissioner of public works and superintendent of police, their agents and servants, from interfering with, removing or injuring an awning erected by appellant in front of its premises.

It appears that on December 19, 1887, the following order was made by the city council:

"*Ordered*, that the commissioner of public works be and he is hereby directed to issue a permit to Hibbard, Spencer, Bartlett & Co. to erect a cover of glass and iron over the shipping doors on Wabash avenue, corner of Lake street, the plans and specifications for the same to be submitted to and approved by the commissioner of public works and the work to be done under his supervision."

Thereafter appellant submitted plans and specifications to the commissioner of public works of said city, which being by him duly approved and a permit by him given, appellant proceeded, at a cost of $3000, to construct such awning. Said awning is supported at the side, over the outer edge of the walk, by iron posts, and appellant insists it is not an inconvenience to any one or in any respect a nuisance or obstruction to travel.

Appellees, in their answer, "say that said awning was constructed in violation of the general ordinances of the city of Chicago duly adopted in pursuance of law, and that it was and is the duty of the commissioner of public works, under such ordinances, to take all steps proper to prevent encroachment upon the rights of the public in the streets and avenues of the city; that the city council can only regulate and control the use of the streets by general ordinances operating equally and uniformly upon all persons; that it has no power, by any order, to suspend the operation of such general ordinances in favor of particular persons or corporations, and that the order relied upon by complainant in this case as a justification for the construction and maintenance of said awning was and is in violation of common and public right, and is an attempt to confer special privileges upon the complainant, and is therefore null and void, and was and is wholly beyond the lawful power of the council to pass or adopt; that as the said order is and was beyond the power of the council to adopt, and as it cannot have the effect to suspend or annul any general ordinances of the city designed for the protection of the rights of the public in the streets, and as the said awning is constructed and maintained in violation of such general ordinances, these defendants insist that they should not be restrained or enjoined from enforcing such ordinances against said complainant."

A temporary injunction issued by the court, upon notice and after argument, was upon the final hearing dissolved and the bill dismissed by the trial court, which,

on appeal to the Appellate Court for the First District, was affirmed, and this appeal is prosecuted.

The public streets of a city are dedicated to the public for public use and are subject to the control and management of the city council, but that body has no power to alien or otherwise encumber such streets so long as they are public streets, but must hold them in trust for public uses only. The municipal corporation can grant no easement or right therein not of a public nature, and the entire street must be maintained for public use, hence no individual or corporation can acquire any portion of the street for exclusive private use to the exclusion of the public. The city council has no power to grant such use. (*Field* v. *Barling*, 149 Ill. 556.) Whilst it may grant individuals or corporations a temporary use for such time and in such way as not to interfere with public use, yet there is no power in the municipality to sell or grant for private use a public street and exclude the public therefrom. (*City of Quincy* v. *Jones*, 76 Ill. 231.) A permanent encroachment upon a public street for a private use is a purpresture, and is, in law, a nuisance. Wood on Nuisances, secs. 260, 262, 251; *Driggs* v. *Phillips*, 103 N. Y. 77; *Attorney General* v. *Heishon*, 18 N. J. Eq. 410; *Smith* v. *State*, 23 N. J. L. 712; *State* v. *Woodward*, 24 Vt. 92; *State* v. *Atkinson*, id. 681; *Chamberlain* v. *Enfield*, 43 N. H. 356; *Commonwealth* v. *King*, 13 Metc. 115.

Section 1492 of the ordinances of the city of Chicago provides: "All awnings in such portion of the streets of Chicago as are or hereafter may be lighted by public lamps shall be covered by cloth or leather, or other light and pliable substance, and securely attached to the building, and properly supported, without posts, by iron or other metallic fastenings and supports, and shall be elevated at least eight feet at the lowest part thereof above the top of the sidewalk, and shall not project over the sidewalk to exceed three-fourths of the width thereof. *   *   *   Any person who shall erect any awning con-

trary to the provisions hereof, or refuse or neglect forth-with to remove any awning or awning-posts heretofore or hereafter erected contrary to the provisions hereof, shall be subject to a penalty of five dollars for every offense, and to a further penalty of five dollars for every day he shall fail to comply therewith after written notice from the commissioner of buildings to remove the same." That ordinance was in full force and effect at the time the order was adopted by the city council authorizing the construction of this awning.

An ordinance of the city can only be repealed or amended by an ordinance of the city. A mere resolution or order by the city council, not passed and published as an ordinance of the city, would not constitute a repeal of an ordinance duly passed. Section 2 of article 5 of the City and Village act provides that "the style of the ordinances in cities shall be: 'Be it ordained by the city council,' etc." And section 13 of article 3 of the same chapter provides: "The yeas and nays shall be taken upon the passage of all ordinances, and on all propositions to create any liability against the city or for the expenditure or appropriation of its money, and in all other cases at the request of any member, which shall be entered on the journal of its proceedings; and the concurrence of a majority of all the members elected in the city council shall be necessary to the passage of any such ordinance or proposition." By this provision of the statute an enacting clause is provided for the adoption of ordinances, and a majority of the members of the city council is necessary to the passage of any such ordinance. A resolution of the city council or an order of that body may be adopted as an order or resolution by a majority of a quorum present, but such order or resolution so adopted would not necessarily require the concurrence of a majority of the members elected in the city council, and in this respect the adoption of an order or resolution materially differs from the adoption of an ordinance. The

authority to erect the awning in this case was conferred on appellant by an order of the city council, and in no sense constituted an ordinance. This order amounted to no more than a license, and was subject to revocation by the city council at any time.

Where the city has authorized a temporary use which causes a temporary obstruction, one having been licensed to exercise such temporary use would not be liable for a penalty, under the ordinances, for obstructing the street, as it was permitted as a matter of grace or favor. That such permission was given may be implied from circumstances. (*Gridley* v. *City of Bloomington,* 68 Ill. 47.) But when the city demands the removal of such a structure, it, if permitted to remain thereafter, becomes a nuisance. *State* v. *Woodward, supra; State* v. *Atkinson, supra; Chamberlain* v. *Enfield, supra; Commonwealth* v. *King, supra.*

With an ordinance in existence prohibiting the erection of awnings, a resolution of this character, amounting to a mere license to this particular firm, is a special privilege granted to one by license, which, by the general ordinance applicable to all the citizens within the corporate limits of the city of Chicago, is prohibited to others. Whatever is prohibited by the constitution of the State from being done by the legislature cannot be done indirectly through another body, and an ordinance of a municipal corporation must be in harmony with the general laws and constitution of the State, and whenever such ordinance comes in conflict with the constitution it is void.

A municipal corporation cannot confer power upon one person to do an act which is prohibited to another having an equal right to do the same act, and ordinances cannot favor or discriminate against any person or class of persons, but must be uniform and of general operation within the corporate limits. A license to erect an awning of this character, although it might not render the person who erected the same amenable to punishment

for the violation of an ordinance of the city, is still not a license binding on the city, nor irrevocable. Nor is it of such a character that the commissioner of public works, in the discharge of his duties, may not, without the action of the city council, remove it, because the city had no power to grant the permanent use of the public street for private purpose, nor can it discriminate between citizens within the municipality. Having no power to make such a discrimination or authorize the erection of such awning as a permanent structure without power on its part to have the same removed, no estoppel can be based on the mere resolution or order of the city council as enacted, because no estoppel can arise from an act of a municipal corporation or officer done in violation of or without authority of law. *Seeger* v. *Mueller*, 133 Ill. 86; *Pettis* v. *Johnson*, 56 Ind. 139; *Stevens* v. *St. Mary's Training School*, 144 Ill. 336; *Day* v. *Greeb*, 4 Cush. 433.

The right of the public to the exclusive use of the streets for public purposes is inconsistent with the right of a private citizen to encroach thereon by the erection of a permanent structure. The streets are held in trust by the municipality, and this fact prevents the municipality from authorizing any encroachment on or obstruction of them by such structures. The mere consent of the city council by resolution or order gives no vested right. (*Eli* v. *Campbell*, 59 How. Pr. 133; *City of Brooklyn* v. *Furey*, 30 N. Y. Sup. 349; *Eichenlaub* v. *City of St. Joseph*, 113 Mo. 395.) The averment that the awning so erected does not injure or obstruct any person does not change the case. The sole question to be determined is, is it an encroachment on the street of the city, and if so, it is a purpresture.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*