(*Superior Court of Cook County. In Chancery.*)

## F. S. Webster Company

### vs.

## Henry J. Frank and Sol. L. Lowenthal.

(April, 1903.)

1. STREETS—OBSTRUCTIONS IN—POWER OF CITY TO AUTHORIZE. It is not every obstruction of a street or sidewalk that is illegal. If the obstruction is authorized by the municipality and is properly constructed so as not to interfere with the public use of the street or sidewalk, it is not to be regarded as a nuisance. But it is indispensible that the street or sidewalk be left free for the public use and in as safe a condition as it would have been without such obstruction.

2. SAME—AWNINGS OVER SIDEWALK. Where the defendants under the authority of a city ordinance erect an awning over the sidewalk in front of their premises, and such awning does not interfere with public travel, an adjoining property owner is not entitled to an injunction restraining the maintenance of such awning.

3. SAME—INTERFERENCE WITH VIEW. As to any interruption of complainant's facilities of outlook in the sense of view merely, it is well settled that injunction will not lie as mere interference with prospect is not an incident of the estate, and there is no remedy in the absence of a contract.

4. STREETS—MANNER OF USE—CITY COUNCIL MAY PRESCRIBE. The manner of the use of the streets is for the city council to pre-

scribe, and where such city council by a general ordinance authorizes the erection of awnings over a public sidewalk no complaint can be made.

5. CITY COUNCIL—POWERS TO PASS ORDINANCE AS TO ERECTION OF AWNING. The city council under the power to "regulate the use of streets for signs, awnings, awning posts," etc., is authorized to permit the erection of awnings over sidewalks.

Bill in equity. Motion to dissolve preliminary injunction. Heard before Judge Jesse Holdom.

For statement of facts see opinion.

*Dent & Whitman,* for complainant.

*A. W. Pulver* and *F. H. Culver,* for defendants.

HOLDOM, J.:—

Complainant occupies as lessee a store, No. 139 Madison street, with a basement thereunder, and a like basement under the adjoining number, 141. The business there conducted is dealing in typewriters, and in the store the typewriting machines are displayed with artistic lettering on the store windows calculated to attract the attention of passers-by and of sufficient conspicuousness in size as to be viewable for some distance on Madison street which in this particular vicinity is unobstructed in both directions. Defendants operate a theatre east of and adjoining the store of complainant, and it is averred have commenced to construct in front of their theatre a permanent awning of durable material to extend from their front wall at or about the top of the first story of the building to or near the edge of the sidewalk; that complainant is entitled to the undisturbed enjoyment of the air and light upon Madison street in the use of its premises; that the construction of the awning by the defendant will abridge such light and injure its business and work irreparable injury; and further charging "that such awning is one which could not be properly licensed or authorized by the city of Chicago, and if defendants have obtained any such license the same is void. That defendants on or about September 12, 1902, procured to be issued by the commissioner of buildings of the city of Chicago a license or permit to construct an iron and glass can-

opy at number 137 Madison street to be upon same plan exhibited by defendants and is the structure complained of."

A temporary injunction has been granted and the cause is now before the court on a motion to dissolve the injunction on the hearing of which affidavits *pro* and *con* were read in evidence in support respectively of the bill and answer now on file.

It is not disputed that defendants claim to act in the construction of such awning under power of a general ordinance of the city of Chicago in relation to awnings, being Sec. 1824 of the Revised Ordinances of 1897, viz.:

"Fixed awnings may be constructed over sidewalks, as protection to the entrances of buildings, provided such awnings are constructed of a metal framework, filled with glass, not less than three-quarters of an inch thick, and supported entirely from the structure of the building and without posts or other obstructions upon the sidewalk. Such awnings shall be of the width of the entrances which they protect and shall extend over the entire width of the sidewalk in front of the same. The lowest part of the awning shall be at least ten feet above the sidewalk level. Any person who shall erect any awning contrary to the provisions hereof or refuse or neglect to forthwith remove any awning or awning-post heretofore or hereafter erected contrary to the provision hereof, shall be subject to a penalty of five dollars for every offense and to a further penalty of five dollars for every day he shall fail to comply therewith, after written notice from the commissioner of buildings to remove the same."

That thereunder plans for the proposed awning were submitted to and approved by the commissioner of public works and a permit for its erection granted—but complainant contends that the city council had no power to pass any such ordinance nor any power to grant to any person the right to do anything the natural result of which would be to curtail the air, light or prospect to complainant's store.

In support of this contention the principles of law announced in *Field v. Barling*, 149 Ill. 556; *Hibbard v. Chicago*, 173 Ill. 91; *People ex rel. v. City of Chicago and Marshall*

*Field,* 193 Ill. 543 (in which latter case this court is referred to the reason and the law stated in the dissenting opinion by Mr. Justice Magruder, the only member of the court who does not concur in the opinion filed in the case) ; *McGann v. The People,* 194 Ill. 526, and other cases are urged as applicable and decisive of the complainant's right to have the injunction continued in force.

In the Field case the common council by resolution attempted to grant the right to Field to construct across Holden Place a three story bridge to connect the old with the new building of Field then in process of construction.  Holden Place was a public street, forty feet wide, platted as such in the original subdivision by the Federal government.  The complainant owned property abutting on this street to the north of this proposed structure and claimed that its construction would materially damage his property as to access, light, air, rental and salable value, and it was held that the city holding the streets as it does in trust for the public use, had no right to permit any use or diversion from public to private interests; that the right attempted to be granted by the permit was a special privilege to a private person in public property and was therefore within the constitutional inhibition and void.

In the Hibbard case the offending awning was constructed and maintained under a special license and permit in violation of an existing general ordinance governing and regulating the erection and maintaining of awnings.  The council revoked the permit and ordered the awning taken down.  Hibbard sought to thwart the action of the city in this regard by injunction.  The manner of the construction of this awning made it an encroachment and an obstruction upon the street.  It was in fact as well as in law a purpresture.  It was held that the mere consent of the city council by resolution or order gives no vested right.

The case at bar differs materially upon principle to the cases cited by counsel for complainant.  The right in the latter cases was claimed not under a general ordinance applicable alike to all, but as a special privilege by resolution of the

council; rights claimed thereunder could be terminated at any
time at the pleasure of the council.

The principal question to be primarily determined is
whether or not the ordinance, *supra,* under which defendants
are claiming the right to erect the awning which is sought to
be restrained in this cause, is within the power of the city
council to enact. Subdivision 17, sec. 1, art. V, title, "Cities
and Villages," confers among other powers on the city council
to "regulate the use of streets for signs, awnings, awning
posts," etc.

Is sec. 18 of revised ordinances of 1897 in excess of the
power there granted or subject to criticism as being obnoxious
to constitutional limitation?

The supreme court has not judicially interpreted this sec-
tion of the ordinance relating to awnings. The nearest case
in point is *Smith v. McDowell,* 148 Ill. 51, which by analogy
is decisive of the case at bar. The court said on page 65: "It
by no means follows that every obstruction of a street is a
purpresture or illegal. Thus the necessary and temporary ob-
struction incident to the use or repair of a street,  *    *    *
excavations under the street authorized by the municipality
and the like (*Gridley v. Bloomington,* 68 Ill. 47) if temporary
and reasonably necessary must be borne, as a reasonable and
necessary limitation of the free and uninterrupted right of
use by the public.  *    *    *  And so in respect of iron grat-
ings to admit light, openings for admission for coal, flap or
trap doors, the extension of signs into the street, and the like,
if authorized by the municipality, and properly constructed,
so as not to interfere with the public use of the street or side-
walk are not to be regarded as nuisances. But it is indis-
pensable, to take from the use of the street for such purposes
the character of a nuisance that the street or sidewalk be left
free for the public use, and in as safe condition as it would
have been without such use.  *    *    * "

The structure proposed by the defendants will in no man-
ner affect the use by the public of the sidewalk in front of
either the premises of complainant or defendants; the bill

charges that it is to be erected at the top of the first story of the building and to be extended to a point over the edge of the sidewalk, precluding any possibility of its interfering with public travel in any manner; it can not physically interfere with the premises of complainant (it occupying the store or first floor and basement); the awning it is admitted is intended to be constructed of iron and glass to the east and above the store of complainant and it can not to any materially appreciable extent interfere with either light or air.

In *Garrett v. Janes,* 65 Md. 260, 3 Atl. 597, the court said on page 271: "As to any interruption of the plaintiffs' facilities of outlook in the sense of view merely, it has been long ago decided that for mere interference with prospect, it not being an incident of the estate, no remedy lies apart from contract. *Aldred's Case,* 9 Coke 59; *Butt v. Imperial Gas Co.,* L. R. 2 Ch. App. 158.

The manner of the use of the streets is for the city council to prescribe and they must be the judge of the necessities of condition and environment—they may ornament the streets in such artistic fashion as they may see fit—erection of monuments or drinking fountains would be within their discretion—such are considered in some urban communities desirable. The modern awning is to be found in all cities of any considerable importance as to population, wealth and artistic refinement, and is in these modern times looked upon as a public utility in places to which the public resort in large numbers, such as theatres, hotels, museums, art galleries, churches, etc., and have come to be regarded as a public necessity. When erected in public places, an awning can not be regarded as being for private use, but for the public benefit.

Conceding however, the contention of counsel for complainant as to the correctness of his position on the law of the case we find no facts warranting the application of his legal principles. It must be conceded that there is no obstruction of the public highway possible by the erection of the proposed awning, no interference with the unobstructed use of the street by the public. It can not be contended that there is any obstruction of air of any moment and if there be an impairment

of light it is so slight as to be practically inconsequential, it is *damnum absque injuria.* The last point is the alleged interruption or limitation of view which it is claimed will result from the erection of the proposed awning; as we have already seen no right to outlook or view exists, save by contract. *Garret v. Janes, supra.* It therefore follows that the city ordinance, *supra,* is valid as being within the authority conferred by the City and Village Act, *supra.* This being my conclusion, it follows that complainant is not entitled to maintain the injunction prayed in its bill and preliminarily granted herein and it will therefore be dissolved.