THE CHICAGO COLD STORAGE WAREHOUSE COMPANY *et al.*

*v.*

THE PEOPLE *ex rel.* William R. Stirling *et al.*

*Opinion filed April 17, 1905.*

APPEALS AND ERRORS—*when neither a freehold nor franchise is involved.* Neither a freehold nor a franchise is involved in a proceeding for *mandamus* to compel the removal of an alleged obstruction placed in a street under authority of an ordinance granting the right for ten years or any time prior thereto, at the discretion of the mayor, it being conceded that the land on which the alleged obstruction is built is part of the street, the ownership of which is in the city and the public.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

WILLIAM D. BARGE, (EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel,) for appellants.

GEORGE H. KARCHER, (MAX M. GROSSMAN, of counsel,) for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is an appeal from a judgment, awarding a peremptory writ of *mandamus,* requiring the appellant to remove a certain sidewalk in Indiana avenue in the city of Chicago. The case was tried by the court without a jury upon issues raised by the amended petition, the amended answer to the petition, and the special replication to the answer.

The petition alleges that the relators are citizens and residents of Chicago, and that the Chicago Cold Storage Warehouse Company occupies with its warehouse, and does business upon, certain premises fronting upon said avenue; that the sidewalk space in front of said premises is a part of the street in front thereof; that the whole of said street known as Indiana avenue includes all of said sidewalk space, and belongs to the public; and that as citizens petitioners are entitled to the unobstructed use, as pedestrians, of the whole of said street, including all of said sidewalk space; that, in violation of their rights, the Chicago Cold Storage Warehouse Company has constructed and maintains upon the said sidewalk space, covering the greater part thereof, a permanent elevated platform, sixty-four feet long, fourteen feet wide, and three and one-half feet high; that said platform is an unlawful obstruction and hindrance to the free use of the sidewalk, and that, by reason of such obstruction, petitioners, and the public in general, are obliged to climb up six steps to reach said platform, and down five steps to reach the level of the sidewalk on said street; that, by the statutes of Illinois, it is a public nuisance to encroach upon a public highway or street, and that, by the charter of Chicago, the city has power to remove obstructions upon the public streets; that it is the duty of the city, and of the commissioner of public works, and of the superintendent of streets and alleys, to remove or cause to be removed said platform; but that said city and said officials unlawfully permit said elevated platform to remain on said public street

or highway, by reason whereof the petitioners are prevented from enjoying the free use of the whole of the street. The prayer of the petition is for a writ of *mandamus*, directed to said warehouse company, the city, the commissioner of public works, and the superintendent of streets and alleys, commanding them to remove said platform.

In their answer below the respondents admit that the whole of the street in front of said premises belongs to the public, but deny that the petitioners are lawfully entitled to the unobstructed use of the whole of said street, including all of the so-called sidewalk space, as pedestrians or otherwise. The amended answer relies upon an ordinance, passed by the city on January 10, 1904, authorizing the construction and maintenance, in front of the premises of said warehouse company, of a sidewalk two feet above the old sidewalk grade, and alleges that the sidewalk or platform complained of has been constructed in pursuance of said ordinance. The answer denies that the said sidewalk is an unlawful obstruction or hindrance to travel, or that it is the duty of respondents to remove the same.

Section 2 of the ordinance provides that the permission and authority therein given shall cease and determine ten years from and after the passage of the ordinance, or at any time prior thereto, at the discretion of the mayor.

It is admitted both in the petition and the answer that the platform, constructed upon the sidewalk in question, is a part of the public street, and that the street or avenue in question belongs to the public, and to the city, as representing the public. No question is presented by the record as to whether or not a public highway exists in front of the premises in question. It is difficult, therefore, to see how a question of either a freehold or a franchise can be involved in this case. A freehold would be involved, if the parties, making use of the obstruction, claimed any title to the portion of the street, on which the obstruction is located, but the ownership of the street by the city and the public is con-

ceded. Accordingly, this appeal should have been taken to the Appellate Court, and not directly from the circuit court to this court.

In the recent case of *City of Chicago* v. *Rothschild & Co.* 212 Ill. 590, it was held that a determination of the rights, accruing under an ordinance, which granted the privilege of erecting and maintaining an elevated railroad for a period of fifty years, does not involve a question of a freehold or franchise. In that case, a bill was filed by Rothschild & Co., and another tax-payer, to enjoin the city, and its mayor, and commissioner of public works, from interfering with the construction of, and from removing when constructed, a certain elevated passageway to connect the platform of the station of an elevated railroad with the second story of the building of Rothschild & Co.; and it was there held, that, no freehold or franchise being involved, this court was without jurisdiction to hear and determine the suit; and the writ of error was accordingly dismissed. The doctrine of the *Rothschild case, supra,* is precisely applicable here.

In *Hibbard & Co.* v. *City of Chicago,* 173 Ill. 91, where a bill was filed to enjoin the city, its mayor, and commissioner of public works, and superintendent of police, from interfering with or removing an awning, erected by the appellant in front of its premises, a temporary injunction issued by the court was upon the final hearing dissolved, and the bill was dismissed by the trial court; but the appeal from the trial court was taken to the Appellate Court, and not to this court.

If a franchise was not involved where an ordinance granted to a corporation the privilege of erecting and maintaining an elevated railroad for a period of fifty years, a franchise cannot be here involved where the permission granted by the ordinance to erect the platform upon the public sidewalk is to cease and determine in ten years.

There being no freehold or franchise here involved, the present appeal is dismissed.      *Appeal dismissed.*