## The People of the State of Illinois ex rel. H. M. Davidson, Appellee, v. The City of Danville, Illinois, et al., Appellants.

### Gen. No. 8,004.

1. HIGHWAYS—*permanent roofs over public sidewalks illegal encroachments.* Permanent roofs over public sidewalks are illegal encroachments and in their nature purprestures.

2. HIGHWAYS—*want of authority to permit erection of sidewalk roof outside fire limits of city of Danville.* Section 971 of the Revised Ordinances of the city of Danville conferring authority on superintendent of buildings to issue permits for awnings in the fire limits confers no authority to permit erection of coverings of any character over public sidewalks outside the fire limits.

3. MANDAMUS—*propriety of issuance to compel removal of roof over sidewalk.* Mandamus was properly issued to compel officers of the city of Danville to remove a roof over a public sidewalk, not authorized under its ordinances or by statute.

Appeal by defendants from the Circuit Court of Vermilion county; the Hon. WALTER BREWER, Judge, presiding. Heard in this court at the April term, 1926. Affirmed. Opinion filed November 6, 1926.

JAMES A. MEEKS, Corporation Counsel, OWEN M. BURNS, City Attorney, and ACTON, ACTON & SNYDER, for appellants.

JINKINS & JINKINS and GUNN, PENWELL & LINDLEY, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case a petition for mandamus was filed in the circuit court of Vermilion county by the People ex rel. H. M. Davidson, a property owner and taxpayer in the city of Danville, against the mayor, the aldermen and other officials of the city, as well as the owner of the premises, C. A. Madden. The building situated on the premises is used by the owner as a residence; also as

a confectionery store and lunch room. It is situated on the line of East Fairchild Street, a public street in the city of Danville. The petition avers that the owner of the premises constructed and maintains a roof extension, which is designated as an awning from the building over a part of the street, and across the sidewalk; and that the structure mentioned is permanent in its character, and is an encroachment upon the street, and an obstruction thereof, and amounts in law to a purpresture. The petition prays for a writ of mandamus against the parties mentioned, who are appellants herein, requiring them to remove the structure, and thereby abate the alleged nuisance. The appellants filed an answer to the petition, alleging in defense that the structure was an awning and was constructed by virtue of a permit issued by the superintendent of buildings in the city of Danville; that the superintendent of buildings was authorized by the statute, and by the ordinances of the city of Danville to issue permits to build structures of the character in question, and that the structure in question was authorized by and built in accordance with an ordinance known as general section 971, and section 13 of chapter 32 of the Revised Ordinances of the city of Danville. The ordinance specified provides: "All awnings, except canvas awnings, are prohibited within the fire limits and in no case shall any awning be less than 8 feet above the sidewalk, in the clear, including all curtains, or drops, nor shall the same be supported by posts, under a penalty of not less than $5.00, nor more than $100." It is also argued that the structure in question is used by a large number of high school students, who attend the high school across the way, and thereby protect themselves from rain, snow and inclement weather, in waiting for street cars to take them to their homes. The case was submitted to the trial court upon an agreed state of facts, which is embodied in the following stipulation:

"It is hereby stipulated and agreed between the plaintiff and the defendant in the above entitled cause that matters in issue under the pleadings in said cause are submitted to the Court for hearing upon the petition and the admissions contained in the answer and the replications thereto, each party saving and reserving all right of objection as to the competency, relevancy and materiality of the facts hereinafter admitted, do stipulate and agree that the following are the facts:

"1. That H. M. Davidson, the relator, is a resident of the City of Danville, Illinois, and the owner of a large amount of personal property and real estate in the City of Danville, Illinois, on which he pays a large amount of taxes annually.

"2. That the City of Danville, Illinois, is a municipal corporation and that the officers named in the title above are its duly elected, appointed and qualified officers thereof.

"3. That the relator, H. M. Davidson, is the owner of a certain lot known as 207 East Fairchild Street, within the city limits of the City of Danville, Illinois, on which there is a newly constructed dwelling house, costing $12,000, used by himself and family, as shown in relator's Exhibit 5, which, by reference, is made a part of this stipulation; that the said lot joins and abuts upon the north side of East Fairchild Street in said city, in front of which there is a sidewalk five feet in width; that the said C. A. Madden owns and occupies a certain lot adjoining the lot of the relator on the east, as shown in the photograph marked relator's Exhibit 5, as aforesaid, said lots being separated only by a nine foot alley on the east side of relator's lot; that the said C. A. Madden occupies a building thereon used by himself and wife as a residence and confectionery store and lunch room, known as 209 East Fairchild street, Danville, Illinois; that said store room, as originally built, was constructed

to within five feet of the south property line thereof
in August, 1924; that since and in August, 1925, said
C. A. Madden built an addition to said store to the
south property line of said lot and placed thereon six-
teen 2 by 4 rafters of the length of 18 feet, 13 feet of
which rafters extended southward past the new five
foot addition over the sidewalk the entire width of the
building—said width of the building is 30 feet—to a
point 4 inches south of the north curb line of East
Fairchild Street, upon and over the public property
of the City of Danville, Illinois. The said rafters are
covered with seven-eighths inch pine sheeting from the
place where built into the structure that was built in
August, 1924, to the south end of said rafters afore-
said; that said sheeting is covered with a composition,
rolled roofing and supported by the frame work of the
five foot addition and four iron cables over the high
banister of the original store building constructed in
1924 and fastened in the back to part of C. A. Mad-
den's residence, 36 feet north from the south prop-
erty line; that said structure is permanently erected
over the sidewalk to 4 inches past the north line of the
curb aforesaid; that relator's exhibit 1 is a photo-
graph with the view looking east on north side of East
Fairchild St. aforesaid; that relator's exhibit 2 is a
photograph with view looking west on the north side
of East Fairchild St. aforesaid; that relator's exhibit
3 is a photograph with view looking north from a point
directly south in front of said structure across said
East Fairchild St.; that relator's exhibit 4 is a photo-
graph with a view taken from relator's porch looking
southeasterly toward the new million dollar high
school; that relator's exhibit 5 is a photograph show-
ing the residence of relator and confectionery store
of the defendant, C. A. Madden, with the camera point
of exposure being near sewer opening by brick store
building shown in relator's exhibit 2 aforesaid;

"It is further admitted and agreed that defendants and each of them received the notice set out in the petition, to remove, tear down, eliminate and abate the structure complained of in the petition and that they refused to do so.

"It is admitted that the above structure was built under a permit issued by the superintendent of buildings of the City of Danville, Illinois, and that the city ordinances of the City of Danville, Illinois, then in force created the office of superintendent of buildings and made it the duty of such officer to have the management and control of all matters pertaining to buildings and to issuing permits for that purpose.

"It is also admitted that across the street from the building of C. A. Madden is the public high school of the City of Danville, Illinois, at which there is in attendance more than fourteen hundred students and that on Fairchild Street a street car line is operated and that many of the students attending the public high school used said street cars in going from said high school building to their respective homes; and that, during stormy weather before the aforesaid structure was erected, said high school students used the store room of said Madden as a place to wait for the street car and that, since said structure has been erected, said high school students in numbers ranging from 25 to 100, or more, gather under said structure and protect themselves from rain and storm while waiting for the street car in leaving said high school for their respective homes.

"That, at the time of the erection of said structure and ever since, the City of Danville, Illinois, had in full force and effect an ordinance in reference to awnings, known as General Section 971 of the Revised Ordinances of said City, which reads as follows, to-wit: 'All awnings, except canvas awnings, are prohibited within the fire limits and in no case shall any awning be less than 8 feet above the sidewalk, in the

clear, including all curtains, or drops, nor shall the same be supported by posts, under a penalty of not less than $5.00, nor more than $100.'

"That the above mentioned structure is not within the fire limits and that said structure is not supported by posts and is more than 8 feet above the sidewalk in the clear, including all curtains and drops; that the City of Danville for more than 20 years has generally permitted permanent awnings of iron, or wood, to be constructed and maintained over sidewalks in different parts of the City.

"It is stipulated that said C. A. Madden sells, during the noon hour to high school students, or others of the public, sandwiches, or other goods, from his confectionery store, through the front window, or opening, in the south end of his store, as well as inside his store, at the option of the purchasers; and that persons when purchasing in this way from the outside, stand upon the city property under said structure complained of."

The court upon the facts embodied in the stipulation held as a matter of law that the prayer of the petition should be granted, and ordered the writ of mandamus to issue, and the court held the following propositions of law:

"The court holds as a proposition of law that the plaintiff is entitled to a writ of mandamus, as prayed for in the petition.

"The court holds as a proposition of law that the structure built, kept and maintained by the defendant, C. A. Madden, mentioned in the stipulation and pleadings, is maintained in violation of the rights of the public.

"The court holds as a proposition of law that the plaintiff is entitled to a writ requiring the respondents to abate and remove the structure described in and complained of in the pleadings."

This appeal is prosecuted from the judgment of the court ordering the issuance of the writ.

Concerning the character and extent of the structure complained of, the stipulation sets forth that in August, 1924, C. A. Madden built an addition to his confectionery store and lunch room; that as a part of such addition placed sixteen 2 by 4 rafters of the length of 18 feet, 13 feet of which extended past the new five-foot addition over the sidewalk, and the entire width of the building, namely 30 feet, to a point 4 inches over the north curb of the street; that these rafters are covered with seven-eighths inch pine sheeting from the point where they are built into the structure to the end of the rafters; that the sheeting is covered with a composite rolled roofing, and by a frame work of a five-foot addition, and four iron cables over the high banister of the original store building, which is fastened in the back to a part of the Madden residence; and that this structure is permanently erected. It is contended that the structure in question is an awning, which the owner of the premises had a legal right to construct and maintain in the street referred to under the permit of the superintendent of buildings, and the provisions of the general section 971 of the Revised Ordinances of the city of Danville, also because of the use of the structure by a large number of high school students in times of inclement weather as a protection from rain or snow, while the students were waiting for street cars. From the facts embodied in the stipulation, it is apparent that the structure in question was not erected for any public purpose, nor to benefit the public, and that it must be regarded as a private and not a public enterprise, and it clearly appears that it is maintained in connection with the confectionery and lunch business of the appellant Madden. We cannot agree with the contention of the appellants that general section 971 of the Revised Ordinances of the city of Danville confers authority upon the superintend-

ent of buildings in the city of Danville to issue permits to property owners for the construction of permanent structures like the one in question, into or across a part of the public streets or highways of the city of Danville, nor is there any statutory authority for the issuance of such a permit. Such structures have been repeatedly held to be illegal encroachments and obstructions, and in their nature purprestures. *People v. Corn Products Refining Co.*, 286 Ill. 226; *Healy v. Deering*, 231 Ill. 423; *People v. Atchison, T. & S. F. R. Co.*, 217 Ill. 594; *People v. Harris*, 203 Ill. 272; *Pennsylvania Co. v. City of Chicago*, 181 Ill. 289; *Hibbard, Spencer, Bartlett & Co. v. City of Chicago*, 173 Ill. 91; *Field v. Barling*, 149 Ill. 556. It is evident that the purpose and scope of the ordinance referred to was to prohibit the construction and maintenance of all awnings within the fire limits of the city of Danville except canvas awnings which were to be at least eight feet above the sidewalk, including curtains or drops. No authority is given by the ordinance for the construction of awnings of the kind and character referred to in the city outside of the fire limits, nor does it designate the kind or character of awnings which would be permissible outside of these limits. Neither the purpose nor scope of the ordinance, nor the language used, justify the inference that it was intended to give authority to the superintendent of buildings to issue permits for the construction of such awnings as the one in question, which had the effect of roofing over permanently a part of East Fairchild Street in the city of Danville.

We are of opinion that the trial court did not err in its holding that the structure in question was unlawfully maintained, and was an encroachment upon the public street mentioned. The order directing the issuance of a writ of mandamus was therefore proper, and order and judgment is affirmed.

*Affirmed.*